LEVITAN  EMBROIDERY  WORKS,  PROSECUTOR,  v.  VINCENZO LAMATINA, RESPONDENT.

Submitted July 1, 1920—Decided October 28, 1920.

1. The act (*Pamph. L.* 1918, *p.* 429) creating in the department of labor a bureau to be known as the Workmen's Compensation Bureau, and repealing the act, which created a Workmen's Compensation Aid Bureau, does not provide a new remedy or impair contracts. It only prescribes a new method of procedure. It is applicable to accidents happening prior to the statute taking effect. *Crew* v. *Trainor,* 91 *N. J. L.* 87; *affirmed,* 92 *Id.* 512; followed.

2. In this case there is evidence from which the trial court could find dependency within the meaning of the statute, also, that the injury to the deceased arose out of and in the course of his employment.

On *certiorari.*

Before Justices SWAYZE and BLACK.

For the prosecutor, *Lazarus & Brenner.*

For the defendant, *Peter A. Cavicchia* and *Jehiel G. Shipman.*

The opinion of the court was delivered by

BLACK, J. This is a workmen's compensation case. The first point made by the prosecutor for a reversal is one of procedure. It is urged that a petition should have been filed in the Common Pleas Court and not with the Workmen's Compensation Bureau, which is created by the act. *Pamph. L.* 1918, *p.* 429. This act was approved February 28th, 1918. It did not take effect, however, until July 4th, 1918. The deceased, Antonio Lamatina, died March 18th, 1918. On November 21st, 1918, a petition was filed. Judgment was given on March 28th, 1919, after a hearing, before one of the commissioners of the Workmen's Compensation Bureau. From that judgment an appeal was taken to the Court of Common Pleas of Hudson county. Judge Doherty heard the case in that court on May 23d, 1919. A judgment was entered December 3d, 1919, affirming the former judgment. The *certiorari* is issued to review that judgment. The case of *Crew* v. *Trainor,* 91 *N. J. L.* 87; *affirmed,* 92 *Id.* 512, settles this point adversely to the prosecutor. That case holds the act creating a Workmen's Compensation Aid Bureau does not provide a new remedy or impair contracts. It only prescribes a new method of procedure.

The second point is, there was no evidence of dependency. Vincenzo Lamatina, the father, testified that the deceased made $10 per week; he gave the money to his mother, and again testified, "The only money your family received was the money that you made when you worked and what Tony made, is that right?" "*A.* Yes; the money Tony gave to my wife went to buy victuals—eat with it—and also buy clothes—live on it." This point is settled adversely to the prosecutor by the case of *Havey* v. *Erie Railroad Co.,* 88 *N. J. L.* 684.

On the third point there is testimony, from which the court could find, that the injury resulting in the death of Tony Lamatina arose out of and in the course of his employment. This is conclusive. *New York Switch, &c., Co.* v. *Mullenbach,* 92 *N. J. L.* 254; *Lundy* v. *Brown & Company,* 93 *Id.* 107; *affirmed, Id.* 469. The judgment of the Court of Common Pleas of Hudson county is affirmed, with costs.